## N. Y. COMMON PLEAS.

In the matter of the asignment of ABRAHAM S. HERMAN to DAVID FORCHHEIMER.

*Assignee — Citation by creditor to account — Answer — Bankruptcy — Composition.*

There is no power to deprive a creditor of the right to demand and insist upon an account being rendered by an assignee under the state law.

The answer of the assignee that after the assignment a petition had been filed in bankruptcy, and a composition effected by the assignor, whereupon he surrendered to them the assigned estate, presents no reason why he should not be required to render his account.

The creditors, by virtue of the assignment and its acceptance by the assignee, acquired certain vested rights in the assigned estate, of which they could not be divested by the bankruptcy proceedings.

They could only be divested of these rights either by a bill in equity, or by their consent in the resolution of the creditors accepting the composition that the assigned estate should be returned to the assignor.

Although the petitioning creditors presented their claims and proofs of claims before the register in bankruptcy, and appeared during the examination and proceeding before the register, the right to an accounting is not affected thereby.

*Special Term, March,* 1877.

*To the honorable the judges of the court of common pleas of the city and county of New York:*

THE petition of Robert W. Aborn, James Moir and Edward Baldwin, composing the firm of Aborn, Moir & Co., of the city of New York, respectfully shows:

That they are residents of the city and county of New York, and creditors of Abraham S. Herman to the amount of $1,759.88, for merchandise by your said petitioners sold and delivered to the said Abraham S. Herman, between and

Matter of Herman.

including the 18th day of May and the 22d day of July, 1875, none of which has been paid.

That on the 5th day of October, 1875, said Abraham S. Herman executed and delivered to David Forchheimer an assignment for the benefit of his creditors, which assignment was, on the 5th day of November, 1875, duly filed in the office of the clerk of the city and county of New York, and to which said assignment your petitioners crave leave to refer.

That the said Forchheimer accepted said assignment, and the trusts created thereunder, and received into his possession, under said assignment, personal property exceeding in value the sum of $5,000, as your petitioners are informed and verily believe.

That the said David Forchheimer has not filed an account as such assignee, as required by the State, although more than one year has elapsed since such assignment and the filing thereof, and no inventory of the assets of the said Abraham S. Herman has been filed.

Wherefore your petitioners pray that a citation or summons be issued out of and under the seal of this court, directing the said David Forchheimer forthwith to appear before the court, or any judge thereof, and show cause why an account of the trust fund created by said assignment should not be made, why the claim of your petitioners should not be paid, and why such other proceedings should not be had in the premises as may seem proper.

ROBERT W. ABORN,<br>
ABORN, MOIR & CO.,<br>
*by* R. W. ABORN, in liq'n.<br>
*Petitioners.*

RICH'D S. NEWCOMBE,
    *Attorney for Petitioner*, 258 *Broadway, N. Y.*

CITY AND COUNTY OF NEW YORK, *ss.:*

Robert W Aborn, being duly sworn, says that he has read the foregoing petition, and knows the contents thereof; that

the same is true of his own knowledge, except as to matters therein stated on information and belief, and as to those matters he believes it to be true.

ABORN, MOIR & CO.,<br>
<i>by</i> R. W. ABORN, in liq'n.

Sworn to before me, }<br>
  January 16, 1877. }

JAMES TAYLOR,<br>
<i>Notary Public, N. Y. Co.</i>

<i>To</i> DAVID FORCHHEIMER:

You are hereby cited, summoned and required personally to appear before me, the undersigned, or one of the judges of the court of common pleas in and for the city and county of New York, at a special term to be held at chambers thereof, at the county court-house, in the city of New York, on the 26th day of January, 1877, at half past ten o'clock in the forenoon, or as soon thereafter as counsel can be heard, and show cause why an account of the trust fund created by the assignment made to you by Abraham S. Herman of all his estate, &c., for the benefit of his creditors, and dated on the 5th day of October, 1875, should not be had, why such assignee should not pay the claim of the petitioner, and why such other or further proceedings should not be had as may seem proper.

Dated NEW YORK, 16<i>th January</i>, 1877.

GEORGE M. VAN HOESEN,<br>
<i>Judge Common Pleas.</i>

The assignee under the state law appeared by <i>A. J. Dittenhoefer</i>, and answered by stating that after the assignment a petition had been filed in bankruptcy and composition effected by the assignor, whereupon the assignee surrendered to them the assigned estate.

<i>Richard S. Newcombe</i>, of counsel for petition creditors, answered as follows:

.This is a citation by creditors to the assignee under. the state law to render his account as assignee, to which a creditor is entitled as of course, and *there is no power* to deprive the creditor of *the right to demand and insist* upon an account being rendered. The assignee, by the assignment, *accepted and agreed to perform certain trusts,* and the creditors, as they have a right to, demand now, an account of his steward-ship. *Perhaps,* upon an accounting being had, the court will allow the assignee to prove that he delivered over the assigned estate to the assignor, with the approval of the United States court, but as yet there is no evidence that he did, nor would it be proper until his account was being examined. But the creditors, by virtue of the assignment and its accept-ance by the assignee, acquired certain *vested rights* in the assigned estate, of which they cannot be divested by the action of the United States court in the proceedings stated. They could only have been divested of these rights either by a bill in equity, or by their consent in the resolution of the creditors accepting the composition that .the assigned estate should be returned to the assignor; no evidence of either is offered, nor were such the facts. There is nothing to talk about; the creditors are entitled to an accounting; and the fact stated in the *assignor's* affidavit, that the petitioning creditors presented their claims and proofs of claims before the register in bankruptcy, and appeared during the exami-nation and proceeding before the register, does not affect our position, nor would it even although it was charged that we proved our claim (which would be materially different to the statement made), nor if we *participated* in the proceedings before the register, instead of "*appeared during the exami-nation*" (*Re Rosenberg,* 2 *Bank. Reg.,* 81; *Re Robinson,* 2. *Nat. Bank Reg.,* 108). The creditors are clearly entitled to have an account rendered by this assignee of what property came into his hands under the assignment in question, and what he did with it, and upon that account being rendered

Matter of Herman.

by him will arise the question whether or not he is liable to the unsatisfied creditors of the assignor.

Dated NEW YORK, *March* 1, 1877.

At the close of the arguments, LARREMORE, *J.*, made the following order:

Upon reading and filing the petition of Robert W. Aborn and others, composing the firm of Aborn, Moir & Co., order to show cause and citation to said David Forchheimer to show cause why the prayer of said petition should not be granted, and the affidavit of Abraham S. Herman in opposition thereto, and after hearing Richard S. Newcombe, of counsel for the petitioners, in support thereof, and Abraham J. Dittenhoefer, Esq., of counsel for the opposition thereto,

Now, on motion of Richard S. Newcombe, attorney for the said petitioners, it is ordered that the said David Forchheimer, within five days from the service of a copy of this order upon his attorneys, file his account as assignee of the estate of Abraham S. Herman.